UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:24-02636-JDW ) |
| RFR CAPITAL LLC | ) ) |
| Defendant. | ) ) |

**DEFENDANT RFR CAPITAL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant RFR Capital LLC (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff LEON WEINGRAD (hereinafter "Plaintiff"), by admitting, denying and alleging as follows:

**I. INTRODUCTION**

1. Admitted only that Plaintiff purports to assert claims under the TCPA. Denied as to the remainder.

2. This paragraph contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent that a response is required, Defendant denies the allegations.

3. Admitted only that Plaintiff purports to assert claims under the TCPA. Denied as to the remainder.

4. Admitted only that Plaintiff purports to assert claims under the TCPA. Denied as to the remainder.

**II. PARTIES**

5. Defendant is without sufficient information to admit or deny the statements in Paragraph 5 of the Complaint and on that basis denies same for the present time

6 Defendant admits that it is a Delaware LLC and that it sent text messages to area codes that are associated with the State of Pennsylvania. Denied as to the remainder.

### III.  JURISDICTION AND VENUE

7. Defendant admits that the Court would have subject matter jurisdiction over this TCPA claim but denies that Plaintiff has presented a valid claim.

8. Defendant denies the allegations and denies them as they constitute legal conclusions.

9. Defendant denies the allegations and denies them as they constitute legal conclusions.

### IV.  FACTS

**A.  The Enactment of the TCPA and its Regulations**

10. Paragraph 10 of the Complaint contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required defendant denies the allegations in said paragraph.

11. Paragraph 11 of the Complaint contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required defendant denies the allegations in said paragraph.

12. Paragraph 12 of the Complaint contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required defendant denies the allegations in said paragraph..

13. Paragraph 13 of the Complaint contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required defendant denies the allegations in said paragraph.

14. Paragraph 14 of the Complaint contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required defendant denies the allegations in said paragraph.

**B. Unsolicited Telemarketing to Plaintiff**

15. Defendant is without sufficient information to admit or deny the statements in paragraph 15 of the Complaint and on that basis denies same for the present time.

16. Defendant is without sufficient information to admit or deny the statements in paragraph 16 of the Complaint and on that basis denies same for the present time.

17. Defendant is without sufficient information to admit or deny the statements in paragraph 17 of the Complaint and on that basis denies same for the present time.

18. Defendant is without sufficient information to admit or deny the statements in paragraph 18 of the Complaint and on that basis denies same for the present time.

19. Defendant admits that it is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant is without sufficient information to admit or deny the statements in paragraph 20 of the Complaint and on that basis denies same for the present time.

21. Defendant denies the statements in paragraph 21 of the Complaint.

22. Defendant denies the statements in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. This paragraph contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent that a response is required, Defendant denies the allegations and denies them as they constitute legal conclusions.

28. Defendant admits only that the content of the subject message is a message that defendant has used in the past, but Defendant lacks knowledge or information

sufficient to admit or deny the remainder of the allegations in paragraph 28 of the Complaint and on that basis denies same.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint and on that basis denies same for the present time.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint and on that basis denies same for the present time.

32. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint and on that basis denies same for the present time.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the Complaint and on that basis denies same for the present time.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

## V.  CLASS ACTION ALLEGATIONS

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint and on that basis denies same for the present time.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendant admits that the complaint is framed as a putative class action and that it seeks injunctive relief and money damages, but defendant denies that plaintiff is entitled to any of the requested relief and denies that there is a valid class and denies any further allegations in said paragraph.

45. In response to paragraph 45 of the Complaint, Defendant denies the allegations, including the allegations in subparts a. through c. thereof.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

## FIRST CLAIM FOR RELIEF

## TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. § 227(c)(5) & 47C.F.R. § 64.1200(c)

### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

51. In response to paragraph 51 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-50, above, as though fully incorporated herein.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

## VI. JURY DEMAND

Defendant admits that Plaintiff has requested a jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies the allegations contained in Plaintiff's Prayer for Relief, including subparagraphs A-F thereof.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portion hereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Apportionment/ Comparative Fault)

As a separate, affirmative defense, Defendant alleges that the damages alleged in Plaintiff's Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or other persons, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct and/or the conduct of other persons contributed to the cause of said alleged damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties/ Superseding or Intervening Cause)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the

conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent to Communication)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred because he consented to be contacted by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Misconduct)

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

### NINTH AFFIRMATIVE DEFENSE

### (Standing)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims lack merit in accordance with *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and/or similar case law.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### RESERVATION OF RIGHTS

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant Columbia Debt Recovery, LLC prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed as to Defendant Columbia Debt Recovery, LLC;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief that this Court may deem just and proper

Respectfully submitted,

MARKS, O'NEILL, O'BRIEN,
DOHERTY, & KELLY, P.C.

*s/ Daniel Bentz*
Daniel R. Bentz, Esquire
Attorney for Defendant
RFR CAPITAL LLC

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of August, 2024, the foregoing document was electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of record. This document was filed electronically and is available for viewing and downloading from the ECF system.

                                        MARKS, O'NEILL, O'BRIEN,
                                        DOHERTY & KELLY, P. C.

                                        ___/s/ Daniel R. Bentz_____
                                        Daniel R. Bentz
                                        Pa. I.D. # 200772
                                        Attorney for Defendant
                                        RFR CAPITAL LLC